UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

JACQUES H. TELCY,

        Petitioner,

v.

M. BRECKON,

        Respondent.
_____/

Case No. 1:22-cv-34

Honorable Jane M. Beckering

## OPINION

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. Petitioner Jacques H. Telcy is incarcerated at the North Lake Correctional Institution in Baldwin, Michigan. In his § 2241 petition, Petitioner asserts one claim for relief—that he was wrongly sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). (ECF No. 1, PageID.6.) The Court directed Respondent to answer the petition in an order (ECF No. 3) entered on January 24, 2022. After receiving an extension of time to do so (ECF Nos. 5, 7), Respondent filed his response on April 19, 2022 (ECF No. 8). Respondent contends that Petitioner's § 2241 petition should be dismissed for lack of jurisdiction. (*Id.*, PageID.33.) Petitioner has filed a reply. (ECF No. 9.) For the following reasons, the Court will dismiss the § 2241 petition pursuant to the concurrent sentencing doctrine.

## Discussion

**I.**    **Background**

Following a jury trial in the United States District Court for the Southern District of Florida, Petitioner was convicted of four counts: (1) possession with intent to distribute 50 grams or more

of cocaine base ("crack" cocaine), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); (2) possession with intent to distribute 500 grams or more of a mixture and substance containing a detectible amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); (3) use and carrying of a firearm during and in relation to a drug trafficking crime, in violation 18 U.S.C. § 924(c)(1)(A); and (4) knowingly possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment of at least one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (felon-in-possession). *See United States v. Telcy*, No. 0:08-cr-60207-WPD-1 (S.D. Fla.) (ECF Nos. 44, 80).

Prior to sentencing, the Government filed a notice of intent to seek an enhancement of Petitioner's sentence under 18 U.S.C. § 851 because Petitioner "had three previous convictions for felony drug crimes in Florida." *See Telcy v. United States*, 20 F.4th 735, 738 (11th Cir. 2021). Petitioner was also subject to the enhanced penalties set forth by the ACCA. *Id.* On February 17, 2009, the trial court sentenced Petitioner to prison terms of life imprisonment on Count 1, 235-months' imprisonment on Counts 2 and 4, and 60 months' imprisonment on Count 3. *See United States v. Telcy*, No. 0:08-cr-60207-WPD-1 (S.D. Fla.) (ECF No. 97).

Petitioner appealed his convictions and sentences to the Eleventh Circuit. *See id.* (ECF No. 98). The Eleventh Circuit affirmed the convictions and sentences. *See United States v. Telcy*, 362 F. App'x 83 (11th Cir. 2010). Petitioner did not seek further review by the Supreme Court.

Petitioner has been an active litigant attempting to collaterally attack his convictions. On October 12, 2010, Petitioner filed a motion in the Southern District of Florida to correct or vacate his sentence under 28 U.S.C. § 2255. *See United States v. Telcy*, No. 0:08-cr-60207-WPD-1 (S.D. Fla.) (ECF No. 126). In his motion, Petitioner argued his trial counsel was ineffective on four

grounds: (1) for failing to move for dismissal on speedy trial grounds; (2) for failing to argue that the specific drug statutes Petitioner was convicted under were unconstitutional due to the racially disparate impact; (3) for failing to sufficiently investigate Petitioner's prior offenses used to enhance the sentence; and (4) for failing to ensure the district court followed proper sentencing procedures. *Telcy v. United States*, No. 0:10-cv-61934-WPD (S.D. Fla.) (ECF No. 1). In an eight-page final judgment and order issued on October 14, 2010, the district court denied Petitioner's motion. *See id.* (ECF No. 5). Petitioner filed a motion for a certificate of appealability on January 3, 2011, which the Eleventh Circuit denied on May 26, 2011. *See Telcy v. United States*, No. 11-10137 (11th Cir.). On August 22, 2011, Petitioner filed a motion for reconsideration, which was denied as untimely. Petitioner subsequently filed another motion for reconsideration, which was returned unfiled as successive.

On September 30, 2013, Petitioner filed an application for leave to file a second or successive motion to vacate or correct his sentence under § 2255. *See In re Telcy*, No. 13-14460 (11th Cir.). The Eleventh Circuit denied the application on October 16, 2013. *Id.*

Petitioner filed a petition under 28 U.S.C. § 2241 with the United States District Court for the Middle District of Florida on September 23, 2015. *See Telcy v. Warden, FCC Coleman – USP II*, No. 5:15-cv-487 (C.D. Fla.) (ECF No. 1). On April 20, 2018, the district court dismissed the petition for lack of jurisdiction. *Id.* (ECF Nos. 15, 16).

While that § 2241 petition was pending, Petitioner filed another application with the Eleventh Circuit on April 1, 2016, for leave to file a second or successive motion to vacate or correct his sentence under § 2255. *See In re Telcy*, No. 16-11461 (11th Cir.). The Eleventh Circuit denied the application on April 27, 2016. *See id.*

Approximately three years later, on April 29, 2019, Petitioner applied for leave to file a second or successive motion under § 2255. *See In re Telcy*, No. 19-11619 (11th Cir.). The Eleventh Circuit again denied Petitioner's application on May 29, 2019. *See id.*

Petitioner filed a § 2255 motion in the United States District Court for the Southern District of Florida on July 11, 2019. *See Telcy v. United States*, No. 0:19-cv-61715-WPD (S.D. Fla.) (ECF No. 1). Several months earlier, in February 2019, the district court had resentenced Petitioner on Count 1, pursuant to the First Step Act. The court reduced Petitioner's sentence from life imprisonment to 235 months. *See id.* (ECF No. 5). Although the Eleventh Circuit had already denied Petitioner's application to file a successive § 2255 motion in May 2019 as discussed above, Petitioner contended that the February 2019 resentencing obviated that requirement. The district court rejected Petitioner's argument, and, consequently, the district court dismissed the petition for lack of jurisdiction. *Id.* (ECF No. 5). Petitioner moved to amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, *id.* (ECF No. 7), which the district court denied, *id.* (ECF No. 8). Apparently, Petitioner filed two notices of appeal. In the first, the Eleventh Circuit dismissed the case for want of prosecution on October 8, 2019, after Petitioner failed to pay the filing fees. *See id.* (ECF No. 12); *see also Telcy v. United States*, No. 19-13028 (11th Cir.). The Eleventh Circuit permitted Petitioner's second appeal to move forward. *See Telcy v. United States*, No. 19-13029 (11th Cir.).

While the second appeal remained pending in the Eleventh Circuit, on January 8, 2020, Petitioner filed a § 2241 habeas corpus petition with this Court. *Telcy v. Emerson*, No. 1:20-cv-28 (W.D. Mich.). By opinion, order, and judgment entered February 12, 2020, the Court dismissed the habeas action because it challenged the validity of his convictions and sentences, rather than

4

the execution of those sentences, but Petitioner was not entitled to bring the petition under § 2241 because it did not fit within the "savings clause" of § 2255(e). *See id.* (ECF Nos. 4, 5, 6.)

On December 10, 2021, the Eleventh Circuit Court of Appeals issued an opinion resolving Petitioner's most recent appeal, affirming the trial court's dismissal of Petitioner's § 2255 petition. *Telcy v. United States*, 20 F.4th 735, (11th Cir. 2021). Petitioner then filed the instant § 2241 petition.

As noted *supra*, Petitioner raises one issue in his § 2241 petition. (ECF No. 1, PageID.6.) He contends that he was wrongly sentenced under the ACCA. (*Id.*) The ACCA "increases the sentences of certain federal defendants who have three prior convictions 'for a violent felony,'" *Descamps v. United States*, 570 U.S. 254, 257 (2013), or a "serious drug offense," 18 U.S.C. § 924(e)(1). Specifically, the ACCA prescribes a 15-year mandatory minimum sentence if a defendant is convicted of being a felon in possession of a firearm and has three prior convictions that qualify as violent felonies or serious drug offenses. *Id.* Without the ACCA enhancement, a felon in possession conviction carries a 10-year maximum penalty. 18 U.S.C. § 924(a)(2).

Petitioner argues that his ACCA sentence enhancement was improper because two of the three predicate offenses do not fit the definition of violent felonies or serious drug offenses. (Pet'r's Br., ECF No. 2, PageID.21–22.) Petitioner claims further that he could not have raised this issue before because it depends on Supreme Court decisions—*Mathis v. United States*, 579 U.S. 500 (2016), *Moncrieffe v. Holder*, 569 U.S. 184 (2013), and *Descamps*—that were issued after his sentences were imposed. (*Id.*, PageID.20.) Petitioner requests that the Court vacate his "924(e) ACCA statutory enhancement sentence under count four, reducing his term of imprisonment to the statutory 10-year maximum penalty for his 18 U.S.C. § 922(g)(1) crime of conviction." (ECF No. 1, PageID.7.)

**II.     Discussion**

The "concurrent sentencing doctrine" invests the court with discretion to decline to hear a substantive challenge to a conviction and sentence when the sentence the petitioner is serving on the challenged conviction is concurrent with an equal or longer sentence on a valid conviction. *See United States v. Hughes*, 964 F.2d 536, 541 (6th Cir. 1992); *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989). The doctrine has its origins in appellate practice applicable to direct review of criminal cases. *See Benton v. Maryland*, 395 U.S. 784, 788-91 (1969); *Hirabayashi v. United States*, 320 U.S. 81 (1943). In these cases, the Supreme Court and the Sixth Circuit have declined to review convictions and sentences on one count where the presence of a valid concurrent count is sufficient to retain the defendant in custody. *See, e.g., Hirabayashi*, 320 U.S. at 105; *United States v. Burkhart*, 529 F.2d 168, 169 (6th Cir. 1976). The standard guiding the court's discretion is whether there is any possibility of an adverse "collateral consequence" if the conviction and/or sentence is allowed to stand. *See Hughes*, 964 F.2d at 541; *Dale*, 878 F.2d at 935 n.3; *see also United States v. Byrd*, No. 89-6448, 1990 WL 116538, at *3 (6th Cir. Aug. 13, 1990); *United States v. Jackson*, No. 99-5889, 2000 WL 1290360, at *2 (6th Cir. Sept. 7, 2000); *United States v. Bell*, No. 95-6479, 1997 WL 63150, at *3 (6th Cir. Feb. 12, 1997).

Although the doctrine has its roots in direct appeals, the federal courts apply it in habeas corpus actions, citing the futility of reviewing a conviction and sentence that will not result in a petitioner's release from custody. *See, e.g., Cranmer v. Chapleau*, No. 95-6508, 1996 WL 465025 (6th Cir. Aug. 13, 1996); *Scott v. Louisiana*, 934 F.2d 631, 635 (5th Cir. 1991); *Williams v. Maggio*, 714 F.2d 554 (5th Cir. 1983); *VanGeldern v. Field*, 498 F.2d 400, 403 (9th Cir. 1974). The exercise of the court's discretion depends upon the degree of prejudice that may be attributed to the challenged conviction and sentence and, specifically, the effect of any adverse collateral consequence if the conviction and sentence is allowed to stand. *Williams*, 714 F.2d at 555.

"'[A]dverse collateral consequences' such as 'delay of eligibility for parole, a harsher sentence under a recidivist statute for any future offense, credibility impeachment, and societal stigma[,]'" may be considered. *Buffin v. United States*, 513 F. App'x 441, 448 (6th Cir. 2013). In *Pillette v. Berghuis*, 408 F. App'x 873, 886 n.8 (6th Cir. 2010), the Sixth Circuit also included "an effect on . . . a potential pardon" and "the potential for use as evidence of a prior bad act" as additional adverse consequences. *Id*.

Such remote consequences, however, "are most salient on direct appeal, not on a collateral challenge." *Buffin*, 513 F. App'x at 448. The *Buffin* court pulled the list of collateral consequences from *United States v. DiCarlo*, 434 F.3d 447, 457 (6th Cir. 2006). The *DiCarlo* court, in turn, quoted the list from *Rutledge v. United States*, 517 U.S. 292, 301-02 (1996). The *Rutledge* court derived the list of collateral consequences from *Benton v. Maryland*, 395 U.S. 784, 790-91 (1969), and *Sibron v. New York*, 392 U.S. 40, 54-56 (1968). *DiCarlo*, *Rutledge*, *Benton* and *Sibron* were direct appeals. Moreover, *Benton* and *Sibron* considered the existence of collateral consequences because absent such a consequence there would have been no justiciable controversy in those cases. The *Benton* court noted that the fact that it could conceive of collateral consequences that might give rise to a justiciable controversy and permit the court to exercise jurisdiction did not deprive the concurrent sentencing doctrine of validity as a rule of judicial convenience. *Benton*, 395 U.S. at 791. The *Benton* court simply chose to not apply it in that case. *Id*. at 792. *Rutledge* and *DiCarlo* (and the other cases cited in *DiCarlo*) are all double jeopardy cases where the existence of collateral consequences, no matter how slight, creates the multiple punishments barred by the Double Jeopardy Clause. Such slight or remote collateral consequences should not preclude application of the concurrent sentencing doctrine when jurisdictional and double jeopardy considerations are not at issue. If they did, the doctrine would simply disappear.

Petitioner's case is appropriate for application of the concurrent sentencing doctrine. As noted above, Petitioner is serving concurrence sentences of 235 months for Counts 1, 2, and 4, and a consecutive sentence of 60 months for Count 3. Petitioner's § 2241 petition challenges only his sentence for Count 4 (the felon-in-possession conviction). Thus, even if the Court were to determine that Petitioner's prior convictions no longer qualify as ACCA predicates, warranting resentencing on Count 4, that resentencing would not affect the length of time Petitioner must serve.

Moreover, the sorts of collateral consequences that counsel against application of the doctrine seem to be unlikely in Petitioner's case. If Petitioner were to be subject to another felon-in-possession prosecution in the future, he could, at that time, argue that he should not be subject to the enhanced penalties set forth in the ACCA. Further, the stigma associated with Petitioner's criminal history is not likely to be meaningfully reduced if Petitioner were resentenced on Count 4. If the concurrent sentencing doctrine retains any vitality—and the Supreme Court and the Sixth Circuit Court of Appeals indicate that it does—this is a case where it should be applied. Should Petitioner's other sentences ever be reduced in the future, the concurrent sentencing doctrine would no longer apply and he could refile this petition.

## Conclusion

The Court will enter a judgment dismissing the § 2241 petition pursuant to the concurrent sentencing doctrine.[1]

Dated:   May 11, 2022          /s/ Jane M. Beckering
                                Jane M. Beckering
                                United States District Judge

---

[1] In § 2241 cases involving federal prisoners, the Court need not address whether to grant a certificate of appealability. *See Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).